IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL A. HUDSON ) | |
| ) | |
| **Plaintiff** ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | No. 25-2151-JWL |
| LELAND DUDEK, ) | |
| Acting Commissioner of Social Security, ) | |
| Defendant. ) | |
| _____) | |

**ORDER**

Plaintiff filed an application for leave to file action without payment of fees, costs or security. (Doc. 3). 28 U.S.C. § 1915(a), states:

> . . .any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding. . . without prepayment of fees or security therefor, by a person who submits an affidavit. . . that the person is unable to pay such fees or give security therefor.

The court has reviewed Plaintiff's filings and finds that he has not met his burden to demonstrate he lacks the financial resources to pay the filing fee in this case. Plaintiff filed an "Affidavit of Financial Status" along with his motion on March 25, 2025. (Doc. 3, Attach.1). The affidavit was incomplete in several respects and the court denied Plaintiff's motion without prejudice to refiling "a completed affidavit of financial status

and a renewed motion for leave to proceed in forma pauperis or [to] pay[ing] the filing fee in this case no later than April 15, 2025."   (Doc. 5, p.3).

Proceeding in forma pauperis in a civil case is a privilege which is within the court's discretion to grant or deny.   White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998) ("a privilege not a right-fundamental or otherwise"); Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999) (within sound discretion of trial court), cert. denied, 531 U.S. 832 (2000).   Denial, however, must not be arbitrary or based on erroneous grounds.   Buggs v. Riverside Hosp., No. 97-1088-WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997).   A court in this district has held that where discretionary income is sufficient to pay the filing fee, even in a case where total expenses exceed total income, denial of an in forma pauperis motion is appropriate. Scherer v. Merck & Co., Civ. A. No. 05-2019-CM, 2006 WL 2524149 at *1 (D. Kan. Aug. 24, 2006) (total expenses exceeded income by $90.00 per month).

The Scherer court cited Brewer v. Overland Park Police Dep't, 24 Fed. App'x. 977, 979 (10th Cir. 2002) as authority requiring it to consider "the nature of the mandatory and discretionary demands on the applicant's financial resources," in deciding an in forma pauperis (IFP) motion.   Scherer, 2006 WL 2524149 at *1.   In Brewer, the court denied the plaintiff's motion because his monthly income exceeded monthly expenses by "a few hundred dollars."   24 Fed. App'x. at 979.

The court noted in its previous denial that "Plaintiff's Affidavit of Financial Status states at page 4 that he and his spouse own 3 automobiles, but he only provides

information on two automobiles." (Doc. 5, p.2). It instructed Plaintiff that if he "needs more room for an answer, he may include an additional page or pages to provide the information." Id. The court instructed Plaintiff that his Affidavit did not include two pages of the court's affidavit form, where he might obtain a copy of the court's form, and that the form must be filled out completely. Id., pp. 2-3. It explained that if the response to a question is not applicable to Plaintiff, he may insert "NA," but that an explanation will be required if it is unclear on its face why a question is not applicable. Id. 3.

Plaintiff filed an Amended Affidavit of Financial Status on March 31, 2025, although he did not refile a Motion for Leave to proceed In Forma Pauperis. (Doc. 6). Plaintiff's amended affidavit, however, does not contain page three of the court's form affidavit, so it does not contain information regarding Plaintiff's previous employment or his spouse's current employment. Because the first affidavit did not include page six of the form affidavit, it was not signed by the plaintiff acknowledging that Plaintiff signed the affidavit subject to penalties of perjury. While the amended affidavit included a single question on page four answered "N/A," There remain numerous questions in the amended affidavit where the answer space is left blank, apparently expecting the court to assume they are not applicable. Perhaps the most problematic of these is the question on page 6 requesting "Information regarding, stocks, bonds, savings bonds, either owned individually or jointly."

Plaintiff added two addenda pages to his affidavit in one of which he identifies the five vehicles he and his spouse own, that he owes nothing on any of them, and that they are valued at $38,451.   The other addendum appears to be a page from a ledger book for the month of March 2025 which is incomprehensible to the court without further explanation.   What is clear to the court is that Plaintiff reported $800 cash on hand in both the unsigned first affidavit presented and in the amended affidavit.   Because Plaintiff has not met his burden to demonstrate inability to pay the filing fee and because he has reported sufficient cash on hand to pay the fee, the court denys his motion and orders that the filing fee shall be paid no later than April 15, 2025.   If the filing fee is not paid, the case may be dismissed for failure to prosecute this case or to follow the order of the court.

**IT IS THEREFORE ORDERED** that Plaintiff's motion (Doc. 3) is DENIED and he shall pay the filing fee in this case no later than April 15, 2025.

A copy of this order shall be delivered to Plaintiff by regular mail.

Dated at Kansas City, Kansas, April 1, 2025.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**