IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL A. HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 25-2151-JWL |
| ) | |
| FRANK BISIGNANO,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Before the court is the Commissioner's Motion to Dismiss this matter for lack of subject matter jurisdiction in accordance with Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim in accordance with Rule 12(b)(6).  (Doc. 9).  Plaintiff, who is pro se,[2] filed his Complaint on March 25, 2025, against the Commissioner of Social Security claiming certain issues were not addressed in case no. 23-2423-TC,

---

[1] On May 7, 2025, Mr. Bisignano was sworn in as Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Bisignano is substituted for Acting Commissioner Leland Dudek as the defendant.  Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

[2] Because he is pro se, the court construes Plaintiff's pleadings and briefs liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009).  But the court will not assume the role of advocate for him. Garrett v. Selby, Conner, Maddux, & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

<u>Michael H. v. O'Malley</u>, and seeking return of monies paid pursuant to the Federal Insurance Contributions Act (FICA) and punitive damages.   (Doc. 1).

Mr. Hudson protectively filed for Social Security Disability Insurance (SSDI) benefits on October 14, 2021, and the record indicates he had previously made another application for benefits.   D. Kan. Case No. 23-2423-TC, Doc. 8, Attach. 8, pp. 2009-11. The application was denied by the Social Security Administration (SSA); <u>id.</u> Attach. 3, pp. 13-34; and on September 19, 2023, Plaintiff filed a Complaint in the district court seeking judicial review of the Commissioner's decision.   <u>Id.</u>, Doc. 1.   After briefing, the district court reviewed and affirmed the Commissioner's decision and issued judgment thereon on August 1, 2024.   <u>Id.</u>, Doc. 12, 13.   Plaintiff filed two appeals with the Tenth Circuit, both of which were dismissed for failure to prosecute.   <u>Id.</u>, Doc. 14, 17, 20, 24.   On March 4, 2025, Plaintiff filed a Motion for Reconsideration which was denied on March 14. 2025.   <u>Id.</u>, Doc. 25, 26.   Thereafter, Plaintiff filed his Complaint in this case.   (Doc. 1).

Proceedings on Mr. Hudson's claim for SSDI benefits are entirely complete.   The ALJ found Plaintiff was not disabled within the meaning of the Social Security Act through Plaintiff's date last insured, the district court reviewed and affirmed that decision, Plaintiff failed to prosecute his appeals before the Tenth Circuit court, and he did not seek <u>certiorari</u> to the Supreme Court within the time to do so.   Thus, he is simply without recourse to seek a reversal of that decision and payment of Social Security disability benefits.   If Plaintiff's condition has worsened and he meets the other

2

requirements he may seek Supplemental Security Income benefits with the Social Security Administration, and when he reaches the appropriate age, he may seek Social Security Retirement benefits.   Moreover, Social Security benefits and Supplemental Security Income benefits are programs provided by statute, are not Constitutional rights, and Congress has made no statutory provision to seek return of the insurance contributions paid into the Social Security Disability Insurance program.

If Plaintiff is seeking review of issues and facts the court in Case No. 23-2423-TC did not fully investigate, this court is without jurisdiction to review the decisions of another district court, even of another district court in this district.   The only court with the jurisdiction to review a decision of a United States District Court for the District of Kansas is the Tenth Circuit Court of Appeals.   Because Plaintiff did not prosecute his appeals to the Tenth Circuit he cannot now claim review of any of the facts and issues in that case.

If Plaintiff is seeking return of taxes paid pursuant to the Federal Insurance Contributions Act, he does not point to any basis in the United States Constitution or in the United States Statutes to achieve that end, and this court is aware of no such bases.

As explained in its simplest form herein, this court is without subject matter jurisdiction.   Moreover, the Commissioner's Motion to Dismiss lays out clearly why this court is without subject matter jurisdiction and why Plaintiff fails to state a claim upon which relief may be granted.   (Doc. 9, pp.6-15).   Plaintiff makes no legal argument in

response to the Commissioner's brief, the court finds the Commissioner's analysis legally correct, and the court sees no reason to repeat that analysis here.

In his Surreply Brief, "Plaintiff asks the court to judge this case on Plaintiff's mental [and] physical ability and other diagnosis that proves Plaintiff cannot work." (Doc. 12, 2).   However, as a matter of law, the court in <u>Michael H. v. O'Malley</u>, Case No. 23-2423-TC (D. Kan. Aug. 1, 2024) found the Commissioner applied the correct legal standards and that substantial evidence in the record supported the Commissioner's decision that Plaintiff was, through his date last insured, able to perform work available in the national economy.   As explained above, that decision is not subject to any further review in any court of law.

**IT IS THEREFORE ORDERED** that the Commissioner's Motion to Dismiss (Doc. 9) is GRANTED, and this case is hereby DISMISSED because this court is without jurisdiction in this matter and because Plaintiff's Complaint does not state a claim on which relief can be granted.

Copies of this order shall be provided to counsel of record for the Social Security Administration through the court's CM/ECF system and to Plaintiff by regular mail.

Dated July 28, 2025, at Kansas City, Kansas.

<u>s:/ John W. Lungstrum</u>
**John W. Lungstrum**
**United States District Judge**
